IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRTUAL IMMERSION TECHNOLOGIES LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **GILBANE, INC., dba GILBANE,** <br><br> **Defendant.** | Civ. No. 1:20-cv-01212 <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Virtual Immersion Technologies LLC ("VIT" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff Virtual Immersion Technologies LLC is a limited liability company organized under the laws of the State of Texas.

3. VIT is the current assignee of United States Patent No. 6,409,599 ("the '599 patent" or "the patent-in-suit.") On June 25, 2002, the United States Patent and Trademark Office duly and legally issued the '599 patent. The '599 patent is titled "Interactive Virtual Reality Performance Theater Entertainment System." The application leading to the '599 patent

was filed on July 19, 1999.  A true and correct copy of the '599 patent is attached hereto as Exhibit A.

4. On or around February 24, 2016, VIT acquired 100% ownership of all right, title and interest in the patent-in-suit, including the right to bring patent enforcement actions for damages accruing prior to February 24, 2016.  The assignment to VIT of ownership of the patent-in-suit was recorded with the United States Patent & Trademark Office ("PTO") on or around August 26, 2016.

5. Defendant Gilbane, Inc. ("Gilbane") is a Rhode Island corporation, and, upon information and belief, is organized and existing under the laws of the State of Rhode Island, with its principal place of business at 7 Jackson Walkway, Providence, RI 02903, and a regular and established place of business at 225 West Wacker Drive, Suite 2160, Chicago, IL 60606.

6. Gilbane, as having a regular and established place of business in Illinois, may be served with process via its registered agent, the CT Corporation System, at 208 S. Lasalle St, Suite 814, Chicago, IL 60604.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

8. Regarding Defendant Gilbane, venue is proper within this District under 28 U.S.C. § 1400(b) because, on information and belief, Gilbane maintains a regular and established place of business in this District and has committed infringing acts in this District.

9. Upon information and belief, Gilbane is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or the Illinois Long-Arm Statute, including

735 ILCS 5/2-209, because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and this District. Having purposefully availed itself of the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

10. Upon information and belief, Defendant Gilbane maintains at least one regular and established place of business in this District: at least part or all of a regional office (the "Chicago Office.") The Chicago Office is located at 225 West Wacker Drive, Suite 2160, Chicago, IL 60606 within Cook County in this District.

11. Currently, the Chicago Office is publicly associated with Defendant Gilbane. (Source: https://www.gilbaneco.com/locations/chicago-illinois/, last accessed and downloaded February 18, 2020.) Based at least on these facts, the Chicago Office in Chicago, Illinois is believed to be a regular and established place of business that is associated directly with Gilbane.

12. Defendant Gilbane has committed and continues to commit acts of infringement within the state of Illinois, as alleged herein. As stated previously, the Chicago Office is a regular place of business and Gilbane continues to expand the number of employees. (Source: *See* https://careers-gilbaneco.icims.com/jobs/search?ss=1&searchLocation=12781-12797-Chicago, last accessed and downloaded February 18, 2020)(listing multiple open job positions at the Chicago Office.)

13. Gilbane infringes in this District because it advertises the availability, and reasonably makes use of, its virtual construction services in the Chicago area and in this District.

(Source: https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, last accessed and downloaded February 18, 2020)(describing virtual construction services as a value-added service.) Furthermore, Gilbane is utilizing virtual reality to "deliver higher quality buildings while decreasing construction costs, enhancing project schedules and improving job site safety." (Source: https://www.gilbaneco.com/blog/bim/building-for-tomorrow-using-virtual-reality/, last accessed and downloaded February 18, 2020.) For example, Gilbane realizes these benefits through the use of its virtual design and construction technology. (Source: *See* https://www.gilbaneco.com/blog/bim/building-for-tomorrow-using-virtual-reality/, https://www.gilbaneco.com/blog/vdc/spotlight-on-vdc-innovation-prospect/, https://www.gilbaneco.com/services/overview/virtual-design-construction/, and https://www.gilbaneco.com/blog/vdc/virtual-design-and-construction-innovation-summit/, all last accessed and downloaded February 18, 2020.) In addition, Gilbane has many more large projects in the Chicago area and is likely to make continued use of these technologies. (Sources: *see* https://www.gilbaneco.com/projects/overview/?loc=344, and *see also* https://www.gilbaneco.com/project/321-north-clark-street-lobby-renovation-and-expansion/, all last accessed and downloaded February 18, 2020.)

14. As previously stated, Defendant Gilbane has already been using its virtual and augmented reality systems. (Sources: *See* https://www.gilbaneco.com/services/overview/virtual-design-construction/ and https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, all last accessed and downloaded February 18, 2020.) This technology includes an immersive virtual reality environment where participants and live performers can interact with each other and the environment via input and output

devices for the performers and the participants. (*See* VIT's Claim Chart for claims 1-2 and 8-9 of the '599 patent, Ex. B at 1-16.)

15. As detailed in the paragraphs below, Defendant utilizes a virtual reality system and practice method, for participants and performers to interact in an immersive virtual reality environment, which meets all the features of the asserted claims. (*Id.* at 1-16.)

16. The Defendant's system includes one or more performer input and output devices in electronic communication with the virtual environment and one or more participant input and output devices in electronic communication with the virtual environment. (*Id.* at 2-8.)

17. Defendant's system provides the virtual environment, which includes a video image of one or more live performers with audio communication between the one or more live performers and one or more participants. (*Id.* at 8-9.)

18. In the Defendant's system, the one or more participants interact with the one or more live performers and the virtual environment resulting in an experience partially controlled by the one or more participants using an input device. (*Id.* at 9-10.)

19. Defendant has derived substantial revenues from its infringing acts, including those of Gilbane occurring within Illinois, including in this District.

20. Gilbane is subject to the Court's personal jurisdiction at least due to its utilization of the virtual reality system within Illinois, including in this District.

21. Gilbane has committed such purposeful acts or transactions in Illinois and this District such that it reasonably should know and expect that it could be haled into court in this State because of such activities.

22. As detailed in the paragraphs below, Gilbane supports the creation, maintenance and utilization of an immersive virtual reality system, which permits live performers and


Case: 1:20-cv-01212 Document #: 1 Filed: 02/19/20 Page 6 of 19 PageID #:6

participants to interact with each other and the environment in the United States, including those infringing actions of Gilbane occurring within the state of Illinois, including in this District.

23. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

24. Venue is proper in this district under 28 U.S.C. § 1400(b) with respect to each Defendant. Defendant Gilbane maintains a regular and established place of business in this District and has committed infringing acts in this District.

25. For these reasons, personal jurisdiction exists and venue is proper in this Court for Gilbane under 28 U.S.C. § 1400(b).

## COUNT I
## PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,409,599

26. Plaintiff incorporates the above paragraphs herein by reference.

27. The '599 patent relates to a system in which participants interact with a computerized environment in addition to live and/or pre-recorded performers. (*See* Ex. A at 1:20-23.)[1] The '599 patent describes and enables immersive interactive virtual reality computer systems in which participants interact with a virtual reality environment and live performers using a variety of immersion and input devices." (*Id.* at 1:23-26.)

28. The claims of the '599 patent are directed to tangible embodiments. Claim 1, for example, is a system claim, which clearly requires a computer operating software and several input/output devices in electronic communication with an immersive virtual reality environment. (*Id.* at 16:6-22.) Claim 2, for example, expressly recites a processing device and a network

---

[1] Citations to patents in this Complaint refer to columns and lines within columns of any cited patent. For example, the citation referenced by this footnote refers to column 1, at lines 20 through 23, in the '599 patent.

connecting the processing device with at least some of the input/output devices. (*Id.* at 16:39-46.)

29. The claims of the '599 patent are directed at providing a unique computing solution that addresses a problem particular to computerized virtual reality systems—providing an immersive interactive virtual reality system in which there exists three-way communication among and between participants, live performers and the virtual reality environment. (*Id.* at 3:24-27.)

30. Providing an immersive interactive virtual reality system with three-way communication in the manner claimed in the '599 patent solved new challenges over the techniques and systems known in the art at the time. Thus, the claims of the '599 patent contain inventive concepts, being both novel and unconventional, which are sufficient to render the '599 patent claims to be patent-eligible.

31. Prior to the priority date of the '599 patent, in systems, such as traditional virtual reality systems, figures or objects not controlled by participants moved autonomously or, if a participant had an opportunity to interact with such objects in the virtual reality environment, the objects were limited to computer generated images and not live performers. (*Id.* at 1:57-67.)

32. Groups of participants have been entertained by graphically enhanced performers on stage or television. However, these instances occurred through non-immersion mediums without the enhancements of immersion-type devices or methods. (*Id.* at 2:5-9.)

33. Early entertainment systems, which allowed participants to interact with a host and an environment using some input device, did not operate within an immersive virtual reality environment and therefore lacked its immersive effects and their impact on participants. (*Id.* at 2:40-47.)

34. The '599 patent overcame these disadvantages by, for example, describing and enabling a system and method for delivering information "which provides three-way immersive interactive communication amongst and between" participants, an immersive environment and live performers. (*Id.* at 2:55-57.)

35. The inventors of the claimed invention in the '599 patent changed the focus from an interaction between individual participants and computer-generated graphical objects within a virtual reality environment to a three-way communication amongst and between participants, live or pre-recorded performers, and an immersive virtual reality environment. (*Id.* at 3:11-17.) The inclusion of three-way communication results in a synergistic effect, which creates an unparalleled experience. (*Id.* at 3:18-22.)

36. Furthermore, the claimed invention of the '599 patent represents an intrinsic improvement to the underlying computer technology involved. The claimed system includes a variety of audio and video components. (*See, e.g.,* claim 1 of the '599 patent.) The variety of audio and video components enable innovative mixing and switching techniques which allows the system to present to each of the participants a virtual reality environment in which a live representation of the performers is superimposed within the environment. (*Id.* at 4:5-9.) The participants are able to view and interact with a novel display of both graphical data and live representations for an exciting experience. (*Id.* at 4:9-12.)

37. The inventors of the '599 patent took considerable personal risks to nurture and prove out the technology systems described in the '599 patent, contributing substantially to today's virtual reality industry explosion.

38. The inventors of the '599 patent have utilized the technology described by the '599 patent for more than ten years, shipping virtual reality systems to five continents and

entertaining or educating an estimated 30 million people worldwide with their immersive virtual reality live theater attractions and promotions.

39. The virtual reality theater technology created by the inventors has been recognized and awarded on an international scale, the products winning "Best New Product" and "Best of Show" at the International Association of Amusement Parks and Attractions global convention in Atlanta in November 2000, and again for 'Best of Show' in 2002 in Orlando, as well as national awards for graphics and creativity in the Print Media industry. The products and concepts have garnered dozens of feature articles in news media promoting clients and their products in a variety of industries.

40. The inventors of the '599 patent continue to have a direct interest in activities related to the '599 patent, working closely with Plaintiff to identify and evaluate entities making use of the technology claimed by the '599 patent without permission or license thereto.

41. The inventions of the '599 patent resolve technical problems related to virtualized interactive technology. For example, the inventions allow parties to interact in a virtual environment in real time with one or more live performers and participants, which, on information and belief, is exclusively implemented using computer technology.

42. The claims of the '599 patent do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '599 patent recite inventive concepts that are rooted in computerized virtual reality technology, and overcome problems specifically arising in the realm of computerized virtual reality technologies.

43. The claims of the '599 patent recite an invention that is not merely the routine or conventional use of computerized communication technology. Instead, the invention makes it

possible to interact with one or more live performers and/or participants in a virtualized environment, which does not require the physical presence of either the one or more performers, or participants in order for such interactions to take place. The '599 patent claims thus specify how communication input, output, and system devices are manipulated to yield a virtual, interactive experience controlled in part by one or more participants.

44. The technology claimed in the '599 patent does not preempt all ways of using interactive communications technology, nor preempt the use of any well-known communications technology, nor preempt any other well-known or prior art technology.

45. The '599 patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

46. The '599 patent does not take a well-known or established business method or process and "apply it to a general purpose computer." Instead, the specific systems and processes described in the '599 patent have no direct corollary to a process that predates the advent of the Internet.

47. The '599 patent claims are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome a problem specifically arising in the realm of computerized virtual reality technologies.

48. The '599 patent claims are not directed at a mere mathematical relationship or formula.

49. The '599 patent claims cannot be performed by a human, in the human mind, or by pen and paper.

50. Accordingly, each claim of the '599 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

51. Upon information and belief, Gilbane directly infringes and continues to directly infringe at least claims 1, 2, 8 and 9 of the '599 patent, in the United States, under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, importing and/or providing and/or causing to be used an interactive, real time, virtual reality systems system (*See* Gilbane is utilizing virtual reality to "deliver higher quality buildings while decreasing construction costs, enhancing project schedules and improving job site safety," source: https://www.gilbaneco.com/blog/bim/building-for-tomorrow-using-virtual-reality/, last accessed and downloaded February 18, 2020,) along with related systems and software for access and use of such virtual and augmented reality systems (the "Accused Instrumentalities") as in claims 1, 2, 8 and 9 of the '599 patent. (*See* VIT's Claim Chart for claims 1, 2, 8 and 9 of the '599 patent, Ex. B at 1-16.)

52. On information and belief, Defendant Gilbane is a for-profit organization with revenues of approximately $6 billion U.S.D. per year. (Source: https://info.gilbaneco.com/2018-gilbane-building-company-annual-report, last accessed and downloaded February 18, 2020.) Moreover, Defendant, its employees and/or agents make, use, sell, offer to sell, import and/or provide and/or cause to be used the Accused Instrumentalities for Defendant's partners and customers, leading to direct or indirect revenues and profit. As one example of indirect profit, Gilbane utilizes the system to reduce costs by increasing the speed of design and project time. On information and belief, without the availability of infringing tools such as the Accused Instrumentalities, Defendant would be at a disadvantage in the marketplace and would generate less revenue and profit overall.

53. In particular, claim 1 of the '599 patent generally recites a virtual reality system for one or more performers and participants comprising an immersive virtual reality environment, one or more performer input and output devices in electronic communication with the virtual environment, one or more participant input and output devices in electronic communication with the virtual environment, wherein the virtual environment includes a video image of one or more live performers with audio communication between one or more live performers and one or more participants, wherein one or more participants interacts with one or more live performers and the virtual environment resulting in an experience partially controlled by one or more participants using an input device. (Ex. B at 2-10.)

54. Gilbane provides virtual reality systems for participants and performers, and include an immersive reality environment. (*Id.* at 2-4.)

55. The Gilbane systems also include one or more performer input and output devices in electronic communication with the virtual environment and one or more participant input and output devices, also in electronic communication with the virtual environment. (*Id.* at 4-8.)

56. The Gilbane systems provide a virtual environment, which includes a video image of one or more live performers with audio communication between the one or more live performers and one or more participants. (*Id.* at 8-9.)

57. In the Gilbane systems, the one or more participants interact with the one or more live performers and the virtual environment resulting in an experience partially controlled by the one or more participants using an input device. (*Id.* at 9-10.)

58. Claim 2 of the '599 patent generally recites the system of claim 1 wherein the immersive virtual reality environment comprises a processing device, system data, output data and a network which connects the processing device, performer and participant input and output

devices in electronic communication, thereby transmitting the system and output data to the live performer and participant. (*Id.* at 10-13.)

59. In the Gilbane systems, the virtual reality environment includes a processing device, system data, output data and a network which connects the processing device, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant. (*Id.* at 10-13.)

60. Claim 8 of the '599 patent generally recites a system which interacts with participants and performers comprising an immersive virtual reality environment, said environment further comprising a processing device, system data, output data and a network; participant and performer input and output devices in electronic communication with the immersive virtual reality environment; wherein at least one participant interacts with at least one live performer and the immersive virtual reality environment resulting in an experience in part controlled by the participant and participant input device; the network connecting the processing, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant; and the network connecting the immersive virtual reality environment and participant input and output devices across the Internet. (*Id.* at 13-15.)

61. In the Gilbane systems, the virtual reality environment includes an immersive virtual reality environment, said environment further comprising a processing device, system data, output data and a network; participant and performer input and output devices in electronic communication with the immersive virtual reality environment; wherein at least one participant interacts with at least one live performer and the immersive virtual reality environment resulting in an experience in part controlled by the participant and participant input device; the network

connecting the processing, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant; and the network connecting the immersive virtual reality environment and participant input and output devices across the Internet. (*Id.* at 13-15.)

62. Claim 9 of the '599 patent generally recites a method of providing interactive communications between participants and performers comprising the steps of providing an immersive virtual reality environment; providing performer and participant input and output devices in communication with the immersive virtual reality environment; having the live performer interact with the participant and immersive virtual reality environment by including a live or prerecorded image of the live performer and audio communication between the live performer and the participant or between the participant and live performer or both; having the participant interact with the live performer producing an experience controlled by the participant and participant input device. (*Id.* at 15-16.)

63. Gilbane provides methods of providing interactive communications between participants and performers, the method including the steps of providing an immersive virtual reality environment; providing performer and participant input and output devices in communication with the immersive virtual reality environment; having the live performer interact with the participant and immersive virtual reality environment by including a live or prerecorded image of the live performer and audio communication between the live performer and the participant or between the participant and live performer or both; having the participant interact with the live performer producing an experience controlled by the participant and participant input device. (*Id.* at 15-16.)

64. The Gilbane systems offer a service to users of the virtual reality system, such as maintenance workers and engineers for Gilbane equipment (Sources: *See* https://www.gilbaneco.com/services/overview/virtual-design-construction/ and https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, all last accessed and downloaded February 18, 2020) using a computing device to interact with an immersive virtual reality environment via the Gilbane systems as well as with participants and performers as recited in claim 1 of the '599 patent.

65. Maintenance workers and engineers employed or contracted by Gilbane in the United States have used and interacted with the Gilbane system as recited in claim 1 of the '599 patent.

66. Upon information and belief, since at least the time it received notice by this Complaint, Gilbane has induced and continue to induce others to infringe claims of the '599 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious blindness, actively aiding and abetting others to infringe, including but not limited to Gilbane's partners and customers, whose use of or reliance upon the Accused Instrumentalities constitutes direct infringement of claims of the '599 patent.

67. In particular, Gilbane's actions that aid and abet others to infringe include advertising and/or providing support services to partners contracted by Gilbane or by distributing the Accused instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

68. Upon information and belief, Gilbane has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Gilbane has had actual knowledge of the '599 patent and that its acts were inducing the

infringement of the '599 patent since at least the date Gilbane received notice by this Complaint that such activities infringed the '599 patent.

69. Use of the Accused Instrumentalities by Gilbane's maintenance workers and engineers contracted by Gilbane infringes each of claims 1, 2, 8 and 9 of the '599 patent through a combination of features which collectively practice each limitation of claims 1, 2, 8 and 9. (*See, e.g.* https://www.gilbaneco.com/services/overview/virtual-design-construction/ and https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, all last accessed and downloaded February 18, 2020; *see also* Ex. B at 1-16.)

70. Upon information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, Gilbane's maintenance workers and engineers employed or contracted by Gilbane across the country.

71. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe the claims of the '599 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, Gilbane's maintenance workers and engineers employed or contracted by Gilbane, whose use of the Accused Instrumentalities constitutes direct infringement of the claims of the '599 patent.

72. In particular, Defendant's actions that aid and abet others such as its partners, clients, Gilbane's maintenance workers and engineers employed or contracted by Gilbane to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. For example, on information and belief, Gilbane directs employees and contract workers to utilize

the Accused Instrumentalities.  (Sources: *See*

https://www.gilbaneco.com/services/overview/virtual-design-construction/ and

https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, all last

accessed and downloaded February 18, 2020.)

73. Upon information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Defendant has had actual knowledge of the '599 patent and knowledge that its acts were inducing infringement of the '599 patent since at least the date Defendant received notice by this Complaint that such activities infringed the '599 patent.

74. Upon information and belief, Defendant is liable as a contributory infringer of the '599 patent under 35 U.S.C. § 271(c) by offering the Accused Instrumentalities or related items involving the virtual reality systems (*see, e.g.*, https://www.gilbaneco.com/services/overview/virtual-design-construction/ and https://www.gilbaneco.com/wp-content/uploads/MeetGilbaneChicago_Web-2.pdf, all last accessed and downloaded February 18, 2020) in the United States including software and/or interfaces to be especially made or adapted for use in an infringement of the '599 patent.

75. The Accused Instrumentalities are a material component for use in practicing the '599 patent claims and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

76. Defendant Gilbane was made aware of the '599 patent and its infringement thereof at least as early as the filing and service of this Complaint.  Despite Plaintiff's notice to Gilbane by this Complaint regarding the '599 patent, the Defendant continues to infringe the '599 patent.

77. Upon information and belief, since at least the time it received notice by this Complaint, Gilbane's infringement has been and continues to be willful.

78. Plaintiff VIT has been harmed by each of Gilbane's infringing activities with respect to the '599 patent.

79. VIT reserves the right to modify its infringement theories as discovery progresses in this case. It shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint. VIT intends the claim chart (Exhibit B) for the '599 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not VIT's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '599 patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '599 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: February 19, 2020  DEVLIN LAW FIRM LLC

/s/ *Neil A. Benchell*
Neil A. Benchell (No. 6274550)
nbenchell@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Patrick R. Delaney (*pro hac vice* to be filed)
pdelaney@devlinlawfirm.com
Cory Edwards (admission to be filed)
cedwards@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*

*Virtual Immersion Technologies LLC*